### In re SMITH.

(District Court, N. D. New York. July 23, 1923.)

1. **Husband and wife ⬤➡49½(1)—Gift from husband to wife valid in absence of creditors.**

    In the absence of creditors, a gift of property from a husband to his wife is valid.

2. **Bankruptcy ⬤➡314(7)—Wife not estopped to prove debt because not scheduled.**

    That a bankrupt did not mention an indebtedness to his wife for borrowed money, nor include the debt in his schedules, does not debar her from proving the debt, where she is not shown to have had knowledge of either fact.

3. **Husband and wife ⬤➡41—Agreement to pay wife for services invalid.**

    Where the common law, as to unity of husband and wife, is in force, the husband is not liable for services rendered by his wife, and a contract to pay for them is against public policy and void.

In Bankruptcy. In the matter of Grover C. Smith, bankrupt. On review of order of referee, disallowing claim of Lena M. Smith. Reversed in part.

P. H. Murphy, of Dolgeville, N. Y. (John H. Gleason, of Albany, N. Y., of counsel), for claimant.

Wager, Griffith & Wager, of Utica, N. Y., for trustee.

COOPER, District Judge. This is the review of an order by a referee in bankruptcy, rejecting and disallowing claims of Lena M. Smith against the bankrupt's estate, in the sum of $2,950 and $100, respectively. There is no rule in this district limiting the time within which a petition for review should be filed. Laches, therefore, could be the only objection. In this case, in the absence of a rule, the court cannot say that the petitioner has been guilty of laches sufficient to require denial on that ground of her petition for such review. The facts upon which the claim for $2,950 arises are these:

Grover Smith, the bankrupt, engaged in a general plumbing business in the village of Dolgeville, N. Y., in partnership with one Tallman. Thereafter, and in 1914, Smith sold his interest to Tallman, and agreed to refrain from entering the plumbing business in said village for a period of five years. However, immediately thereafter he formed a new partnership in the plumbing business with one Commiskey. Thereupon Tallman sued Smith, and to avoid complications Smith gave a bill of sale to his wife, covering all his interest in the business,

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the consideration of $250 named in the instrument. Smith worked in the plumbing business as before, but claimed to be an employee. This arrangement continued in effect until September, 1917, when Smith was drafted into the army. He did not claim exemption (although he had a wife and four children) on the assumption that he had no property in his own name, but that his wife had property. Commiskey also went to war. Mrs. Smith thereupon wound up the affairs of the concern, and deposited the proceeds, approximating $2,950 in the bank in the joint name of herself and husband, after payment of all claims, with power to each to withdraw the money. When Smith returned from the war, Mrs. Smith loaned him $2,950 to start in business again. He did not prosper, and filed a petition in bankruptcy on June 21, 1921. In his schedule he did not mention his wife's claim for the $2,950, but did list her claim of $100 for services. Her claims, filed for $2,950 and $100 were disallowed by the referee.

[1] In the absence of creditors, Smith's act in 1914 transferred title of his property to his wife, and the proceeds of the sale of the property transferred were hers. A person of sound mind may give away his property, if he so desires, and the law, in the absence of creditors, will not prevent it, and no one may rightfully challenge it. The fact that the donee of money or property later loans it to the donor does not affect the validity of the previous gift.

[2] When Lena Smith, the claimant here, loaned the $2,950 to her husband, a debt arose in her favor against her husband. That he did not mention it in any financial statement to third persons is not binding upon the claimant, she not being shown to have had knowledge thereof. Nor is it to be taken against the claimant that her husband failed to schedule her claim in his petition in bankruptcy, especially as they were estranged at the time, and she is not shown to have had knowledge of the contents of the schedules. The claim of $2,950 should have been allowed.

[3] The claim of $100 for services should be rejected, as was properly done by the referee. The common-law unity of husband and wife still obtains in this state to the extent that a husband is not liable for services rendered by his wife, and his contract to pay her for such services is against public policy and void.

An appropriate order may be entered, allowing the claim of Lena M. Smith in the sum of $2,950.